# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 29, 2021

```
* * * * * * * * * * * * * * * * * * * * * * * *
BRANCH R. LEW,                 *        No. 19-679V
                               *
             Petitioner,       *        Special Master Sanders
v.                             *
                               *
SECRETARY OF HEALTH            *        Stipulation for Award;
AND HUMAN SERVICES,            *        Tetanus-Diphtheria-Acellular Pertussis
                               *        ("Tdap") Vaccine; Chronic Inflammatory
             Respondent.       *        Demyelinating Polyneuropathy ("CIDP")
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathy A. Lee*, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 8, 2019, Branch R. Lew ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine[3] he received on June 9, 2016, caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. at 1, ECF No. 1. Petitioner further alleged that his injury lasted for more than six months. *See id.* ¶¶ 34–35.

On October 19, 2021, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stipulation ¶ 7. Respondent "denies that the vaccine caused [P]etitioner's alleged CIDP, or any other injury, and denies that his current condition is a sequelae of a vaccine-related injury." *Id.* ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. *See id.* ¶ 7. I find the stipulation reasonable and

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

[3] Petitioner originally alleged that his CIDP resulted from all of the vaccinations he received on June 9, 2016, including the inactivated polio vaccine ("IPV"), Hepatitis B vaccine, Haemophilus influenzae type B vaccine ("Hib"), and pneumococcal vaccine. *See* Pet. ¶ 2. However, the stipulation filed by the parties indicates that the parties only agreed to compensation for CIDP allegedly sustained due to Petitioner's June 9, 2016 Tdap vaccination. *See* Stipulation ¶¶ 1–4, ECF No. 36.

adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $190,500.00 in the form of a check payable to [P]etitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* ¶ 8.

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

BRANCH R. LEW,                          )
                                        )
          Petitioner,                   )
                                        )    No. 19-679V
v.                                      )    Special Master Sanders
                                        )    ECF
SECRETARY OF HEALTH AND HUMAN )
SERVICES,                               )
                                        )
          Respondent.                   )
                                        )

STIPULATION

The parties hereby stipulate to the following matters:

1. Branch R. Lew, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries related to petitioner's receipt of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the Tdap vaccination on June 9, 2016.[1]

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused by the vaccine. He further alleges that he experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] Petitioner also received the inactivated polio vaccine ("IPV"), Hepatitis B, Haemophilus influenza type B ("Hib"), and pneumococcal (Prevnar-13) vaccinations on that date.

1

6. Respondent denies that the vaccine caused petitioner's alleged CIDP, or any other injury, and denies that his current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $190,500.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination or other vaccinations administered on or around June 9, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about May 8, 2019, in the United States Court of Federal Claims as petition No. 19-679V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's alleged CIDP, or any other injury or condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

_____
BRANCH R. LEW

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____
KATHY A. LEE, ESQ.
Christie Farrell Lee & Bell, P.C.
951 North Delaware Street
Indianapolis, IN 46202
Tel: (888) 488-5500

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

_____
HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Dale Mishler, DHSc, APRN, for
_____
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 10/19/2021

**ATTORNEY OF RECORD FOR
RESPONDENT:**

Colleen C Hartley
by Heather L Pearl
_____
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-3644
Email: colleen.hartley@usdoj.gov

5