# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 30, 2022

```
* * * * * * * * * * * * * * * * * * * * * * * *
BRANCH R. LEW,                   *      No. 19-679V
                                 *
           Petitioner,           *      Special Master Sanders
v.                               *
                                 *
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *      Attorneys' Fees and Costs
                                 *
           Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathy A. Lee*, Christie Farrell Lee & Bell, P.C., Indianapolis, IN, for Petitioner.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 8, 2019, Branch R. Lew ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine[3] he received on June 9, 2016, caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). Pet. at 1, ECF No. 1. On October 19, 2021, the parties filed a stipulation for award. ECF No. 36. I issued a Decision awarding damages consistent with the stipulation on October 29, 2021. ECF No. 37.

On May 11, 2022, Petitioner filed a motion for final attorneys' fees and costs. Pet'r's Mot. for Final Attorneys' Fees and Costs [hereinafter "Pet'r's Mot. for AFC"], ECF No. 41. Petitioner requests total attorneys' fees and costs in the amount of **$35,403.92**, representing **$32,492.20** in

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

[3] Petitioner originally alleged that his CIDP resulted from all of the vaccinations he received on June 9, 2016, including the inactivated polio vaccine ("IPV"), Hepatitis B vaccine, Haemophilus influenzae type B vaccine ("Hib"), and pneumococcal vaccine. *See* Pet. ¶ 2. However, the stipulation filed by the parties indicates that the parties only agreed to compensation for CIDP allegedly sustained due to Petitioner's June 9, 2016 Tdap vaccination. *See* Stipulation ¶¶ 1–4, ECF No. 36.

attorneys' fees and **$2,911.72** in attorneys' costs.  Pursuant to General Order No. 9, Petitioner has indicated that he has not incurred any personal expenses as a result of this claim. *Id.* ¶ 7. Respondent filed his response on May 12, 2022, stating that Respondent "defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case." Resp't's Resp. at 2, ECF No. 42. Respondent requested "that the Court exercise its discretion and determine a reasonable amount for attorneys' fees and costs, if any." *Id.* at 3. Petitioner filed a reply on May 13, 2022, and again requested an award of attorneys' fees and costs. Pet'r's Reply at 1, ECF No. 43.  This matter is now ripe for consideration.

## I.      A Final Fees Award is Appropriate

Vaccine Program attorneys are not automatically entitled to a fees award. At a minimum, such a claim must be shown to have: (1) possessed reasonable basis; and (2) have been brought in good faith. *See, e.g.*, *Chuisano v. Sec'y of Health & Hum. Servs.,* 116 Fed. Cl, 276, 284 (2014). Reasonable basis is an objective inquiry while good faith is a subjective inquiry. *Id.* at 289.

Here, I find Petitioner's claim had a sufficient basis to entitle her counsel to a fee award under applicable reasonable basis and good faith standards. The parties settled this case, and Respondent agreed to provide damages. Respondent does not otherwise contest reasonable basis or good faith and merely left such a finding up to my discretion. Accordingly, I will award final attorneys' fees and costs.

## II.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate

"in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021, and 2022 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of his counsel, Ms. Kathy Lee: $380.00 per hour for work performed in 2018, $388.00 per hour for work performed in 2019, $404.00 per hour for work performed in 2020, $424.00 per hour for work performed in 2021, and $466.00 per hour for work performed in 2022. Pet'r's Ex. 1 at 1, ECF No. 41-1. Petitioner also requested the following rates for the work of Ms. Shelley Hortsman, a legal nurse consultant: $132.00 per hour for work performed in 2018, $135.00 per hour for work performed in 2019, and $140.00 per hour for work performed in 2020.[5] Petitioner requested the same rates for Ms. Barbara Sharp, a paralegal, for 2018 through 2020 as well as the following rates for 2021 and 2022: $147.00 per hour for work performed in 2021 and $162.00 per hour for work performed in 2022.

Ms. Lee's 2018 through 2021 rates are consistent with what she has previously been awarded for her Vaccine Program work, and I therefore find them reasonable. *See Pell v. Sec'y of Health & Hum. Servs.*, No. 18-1636V, 2021 WL 5026919, at *2 (Fed. Cl. Spec. Mstr. Oct. 13, 2021). However, I find that Ms. Lee's requested 2022 rate, which is $42.00 higher than her 2021 rate, requires adjustment. Petitioner stated that Ms. Lee's 2022 rate, as well as the 2022 rate requested for Ms. Sharp, was "calculated by increasing the 2021 rate by 10%, which is the approximate rate of increase from the 2021 rates to the 2022 rates contained in" the OSM Fee Schedules. Pet'r's Ex. 1 at 1 n.5, ECF No. 41-1. Petitioner's claim is inconsistent with the OSM Fee Schedules, which show increases of approximately three to four percent between 2021 and 2022. Ms. Lee's 2022 rate increase is also significantly higher than increases she has been awarded in the past. Therefore, I will award Ms. Lee a rate of $448.00 per hour for 2022.

Ms. Sharp and Ms. Hortsman do not have established rates in the Program. While Ms. Sharp's requested rates are consistent with the OSM Fee Schedules, the OSM Fee Schedules do not indicate appropriate rates for legal nurse consultants such as Ms. Hortsman. Petitioner has not presented evidence to support Ms. Hortsman's requested rate. However, Petitioner's timesheet indicates that Ms. Hortsman's work in this case consisted of tasks, such as gathering medical records, typically performed by paralegals. *See* Pet'r's Ex. 1 at 2–9. Thus, it is appropriate to

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*. *See* 2015 WL 5634323.

[5] The billing records indicate that Ms. Hortsman concluded her work in this case in 2020. *See* Pet'r's Ex. 1. Ms. Hortsman also requested rates for 2021 and 2022. *Id.* at 1. However, I will not consider the reasonableness of those rates since Ms. Hortsman did not work on this case in 2021 or 2022.

compensate Ms. Hortsman at a paralegal rate. *See Barber v. Sec'y of Health & Hum. Servs.*, No. 99-434V, 2008 WL 4145653, at *15 (Fed. Cl. Spec. Mstr. Aug. 21, 2008) (compensating a nurse consultant at a paralegal rate for paralegal tasks). Ms. Sharp's requested rates for 2018 through 2021, and Ms. Hortman's requested rates for 2018 through 2020, are consistent with the OSM Fee Schedules' paralegal rates, and I therefore find them reasonable. However, Ms. Sharp's 2022 rate, while consistent with the 2022 OSM Fee Schedule, is approximately ten percent higher than her 2021 rate. As with Ms. Lee's rate, Petitioner has presented insufficient evidence that a ten percent increase in fees between 2021 and 2022 is appropriate. Therefore, I will award Ms. Sharp a rate of $155.00 for 2022.

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review of the submitted billing records, I find the time billed somewhat excessive for the work performed in this case. Ms. Lee and her staff routinely billed for administrative tasks such as filing documents, calendaring deadlines, receiving notifications, scheduling meetings, and arranging to mail Petitioner's settlement check. *See* Pet'r's Ex. 1 at 2–20. Ms. Lee also billed somewhat excessively for sending and receiving emails and reviewing scheduling orders and other court documents. *See id.* Furthermore, Ms. Sharp billed 0.5 hours for converting videos to a different format, but it is unclear from the billing records why this was necessary. *Id.* at 4. I find these issues, including the slightly adjusted rates, result in a total reasonable reduction of ten percent. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$29,242.98.**

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,911.72 in attorneys' costs. Pet'r's Ex. 3 at 1, ECF No. 41-3. This is comprised of costs for acquiring medical records, Petitioner's filing fee, and mailing expenses. It also includes reimbursement for a medical evaluation by Dr. Snook, Petitioner's treating physician, that Respondent requested during settlement negotiations as well as payments to Petitioner's economic expert and Dr. Snook, who provided reports during settlement negotiations. *See id.* Petitioner has provided adequate documentation of most of these expenses, and most appear reasonable for the work performed in this case. However, Petitioner did not provide adequate documentation or explanation for his counsel's $500.00 payment to Dr. Snook. For documentation of this expense,

Petitioner provided a copy of a letter that Ms. Lee sent to Dr. Snook on August 13, 2020, when the parties were engaged in settlement negotiations. *Id.* at 18. In the letter, counsel thanked Dr. Snook for answering questions asked by Respondent and stated that she had enclosed Dr. Snook's answers in a narrative format. *Id.* Ms. Lee then stated, "[w]e note that you have never billed us for your time. We would like to compensate you for assisting us and [Petitioner] with this matter. Therefore, I am enclosing a check in the amount of $500 to compensate you for your time in this matter." *Id.* Petitioner did not provide evidence that Dr. Snook billed any amount, besides $184.79[6] for his appointment with Petitioner at Respondent's request, for any assistance he provided in this case. Thus, Petitioner has failed to explain why his counsel's discretionary $500.00 payment to Dr. Snook was necessary to further his claim. Thus, I will deduct this $500.00 payment from Petitioner's award. Accordingly, Petitioner is entitled to final attorneys' costs in the amount of **$2,411.72.**

### III. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,492.20 |
| (Reduction to Fees) | - ($3,249.22) |
| **Total Attorneys' Fees Awarded** | **$29,242.98** |
| | |
| Attorneys' Costs Requested | $2,911.72 |
| (Reduction of Costs) | - ($500.00) |
| **Total Attorneys' Costs Awarded** | **$2,411.72** |
| | |
| **Total Attorneys' Fees and Costs** | **$31,654.70** |

Accordingly, the undersigned awards a lump sum in the amount of **$31,654.70** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Kathy Lee, for final attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[7]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Petitioner requested reimbursement for this expense separately. It is not included in the $500.00 Ms. Lee sent to Dr. Snook.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.